UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO. 09 CV 5633** |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Rebecca R. Pallmeyer |
| ANDREW J. CAMARILLO #13318 | ) | |
| GERALDO PEREZ #19697 | ) | |
| NICOLAS LESCH #13061 | ) | |
| McKINLEY CALHOUN #19196 | ) | |
| MARC VANEK | ) | |
| ANDREW NEBERIEZA # 11041 | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTIONS *IN LIMINE***

NOW COMES the Plaintiff, MARSHALL PAYNE, by and through his attorney, Douglas C. Cannon of Mottweiler and Cannon, moving the Court *in limine* to bar certain, evidence, and testimony, and arguments in this case and asks the Court to direct the attorneys for Defendant's to advise all their witnesses of the Court's order. Plaintiff argues as follows:

**Motion *in Limine* 1: To Bar Evidence or Testimony Regarding Alleged Gang Affiliation or Tattoos**

The issue in this case is whether the Defendant Officers falsely arrested Plaintiff in violation of the Fourth Amendment. If Plaintiff or any witnesses are in a street gang or have tattoos, introduction of such evidence would be irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404 (b). It should be barred.

The Seventh Circuit has repeatedly recognized that gang membership evidence is highly prejudicial and likely to damage a party or witness in the eyes of a jury. See, e.g., *United States v.White*, 86 Fed.Appx. 994, 996 (7th Cir. 2004); *United States v. Butler*, 71 F.3d 243, 251-52

(7th Cir.1995). Because of this high likelihood of prejudice, courts routinely exclude evidence of gang affiliation unless it is clearly relevant to a disputed issue in the case—e.g. to prove a criminal defendant was involved in a conspiracy with members of his gang. *White*, 86 Fed. Appx. at 996.

Moreover, any witnesses' tattoos are completely irrelevant to anything at issue in this case and would only be introduced to inflame the jury and create unfair prejudice against Plaintiff and his witnesses.

**Motion *in Limine* 2: To Bar Evidence of Prior Arrests that Did Not Lead to Convictions**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence of Plaintiff's criminal history, including prior arrests that did not lead to convictions. Plaintiff has several prior arrests for offenses that did not result in convictions.. Defendants have listed Plaintiff's criminal history as an exhibit in the Final Pretial Order. They should not be permitted to introduce such evidence at trial.

Arrests that do not lead to conviction are generally inadmissible under well settled law. See, e.g., *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001)("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper")

Plaintiff's prior arrests are not relevant to any issue the jury will decide, and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. The only reason Defendants would even seek to introduce such evidence would be to insinuate bad character, which is prohibited under FRE 404(b). Accordingly, courts routinely exclude such evidence. See, e.g., *Young v. County of Cook*, 2009 WL 2231782 at *6 (N.D.Ill., July 27, 2009) (Kennelly, J.)

(excluding evidence of past arrests in § 1983 case as "grossly unfairly prejudicial in a way that greatly outweighs its minuscule probative value.")

**Motion *in Limine* 3: To Bar Evidence of Plaintiff's Past Convictions**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence of Plaintiff's past convictions. Federal Rules of Evidence (FRE) 403,404,609(a) (1) and 609(b) all restrict the admissibility of prior bad acts and conviction evidence. Plaintiff's convictions should be excluded at trial because they lack probative value and would be unfairly prejudicial.

At trial, Plaintiff will allege that Defendant-Officers falsely arrested him. Plaintiff will claim that the Defendant-Officers grabbed the wrong guy when they grabbed him. The Defendant-Officers will directly deny Plaintiff's allegations, essentially calling Plaintiff a liar. Plaintiff's credibility may be the biggest issue at trial.

It will be Plaintiff's word against the word of three police officers. As if that task wasn't daunting enough, the jury will also be asked to take the word of a person who was arrested. Plaintiff will be prejudiced by this evidence of bad character, i.e. that Plaintiff was arrested. Plaintiff is swimming upstream against a strong current. It would be grossly unfair to further prejudice Plaintiff's case and allow the Defendants to introduce any of Plaintiff's felony convictions, especially since they have little or no probative value.

Admission of convictions is discretionary. Federal Rule of Evidence 609(a)(1) provides that felony convictions can be admitted for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. In this case, the probative value of Plaintiff's prior convictions is minimal, and is substantially outweighed by potential for unfair prejudice.

Accordingly, courts have often barred admission of felony convictions. For example, in *Earl v. Denny's Inc.*, 2002 WL 31819021 (N.D.Ill. Dec. 12, 2002), Judge Schenkier barred the defense from introducing the plaintiff's prior conviction for aggravated criminal sexual assault in a personal injury case. Judge Schenkier ruled that: "At best, the probative value of this evidence is weak, [and] the risk of unfair prejudice that would result from admission of this evidence is substantial." (Id. at 2-3.)

Similarly, in *Townsend v. Benya*, 287 F.Supp.2d 868 (N.D.Ill. 2003), the court barred the defendant City of Chicago from introducing evidence of a drug conviction to impeach a § 1983 Plaintiff's credibility, once again finding that the probative value was far outweighed by the danger of unfair prejudice. See also, *Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 853-55 (N.D.Ill. 2001) (barring admission § 1983 plaintiff's arrests and felony drug convictions since they had little probative value and the potential for unfair prejudice is "great"); *Christmas v. Sanders*, 759 F.2d 1284, 1297 (7th Cir. 1985) (a conviction for rape [is] not "highly probative of credibility"); *Jones v. Sheahan*, 2003 WL 21654279 at *2 (finding that a murder conviction is not "highly probative" of credibility); *United States v. Smith*, 181 F.Supp.2d 904 (N.D. Ill. 2002).

This District and the Seventh Circuit have repeatedly recognized that drug use evidence is extremely prejudicial. See e.g., *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (finding it was proper for district court to exclude evidence of § 1983 plaintiff's drug use); *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir.1987) ("[T]here is considerable danger that evidence a witness has used drugs illegal drugs may so prejudice the jury that it will excessively discount the witness's testimony"); *United States v. Gallardo*, 497 F.3d 727, 732-33 (7th Cir. 2007) (affirming trial court's denial of defendant's proffered expert testimony about past use of cocaine, marijuana and ecstasy by government witnesses as general character attack);

*Buffone v. Rosebud Restaurants, Inc.*, 2006 WL 2425327 (N.D. Ill. Aug. 21, 2006) (granting motion *in limine* to bar drug use evidence, finding that: "Even if relevant, any arguable probative value of evidence about drug use is substantially outweighed by the danger of unfair prejudice."); *United States v. Boyd*, 833 F. Supp. 1277, 1359 (N.D. Ill. 1993) ("As a general rule, a witness's past drug use is not probative of veracity and thus is not a proper subject for cross examination") (citations omitted); *Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994) (finding that: "Any probative value of substance abuse evidence was substantially outweighed by the danger of unfair prejudice.")

The Seventh Circuit has recognized that courts have a duty to ensure that civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them. "[C]ivil rights actions often pit unsympathetic ... members of the criminal class ... against the guardians of the community's safety, yet serve an essential deterrent function." *Llugano v. Mingey*, 763 F.2d 1560, 1570 (7th Cir.1985), cert. dism'd., 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986).

This Court also should bar admission of Plaintiff's convictions. The deck is already stacked against Plaintiff. The potential for prejudice is extreme. Telling the jury that Plaintiff is a convicted felon may well be the *coup de grace* for Plaintiff's case. As the above cases illustrate, introducing evidence of a felony conviction has limited probative value, and can be extremely prejudicial. This Honorable Court should bar admission of Plaintiff's felony convictions.

**Motion *in Limine* 4: To Bar Defendants from Characterizing Place of Incident as a "High Crime Area"**

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from eliciting any evidence regarding past incidents of alleged gang activity or police calls in the

neighborhood where Plaintiff was arrested. Such evidence has minimal probative value and would be unfairly prejudicial.

Moreover, these highly inflammatory characterizations ask the jurors to put aside the objective circumstances of this particular event. As Judge Shadur recently explained in granting a similar motion:

> Defendants' response seeks to extend those pejorative characterizations so that a police officer's conduct in reacting to situations that the officer may encounter—even conduct that would reasonably and objectively be viewed as overreaction—is somehow sanitized by applying those generic and amorphous labels.
>
> This is not of course intended to minimize the risks faced by Chicago's police officers in performing their duties. But Evid. R. 403 sensibly calls for the … balancing of potential unfair prejudice against probative value, and here that balance substantially favors plaintiffs as to their Motion No. 1. Hence defendants will be permitted to describe the circumstances posed by the situation at issue in objective factual terms, without loading the dice by use of the labels objected to by plaintiffs.

*Peters v. City of Chicago*, 09 C 4204, 2011 WL 679911, at *1 (N.D. Ill. Feb. 16, 2011). Judge Coleman also recently granted a similar motion.

The suggestion or argument that the area of 1119 N. Montecello is a high crime, drug, or gang neighborhood creates an undue risk of unfairly prejudicing Plaintiff. Until Defendants can satisfy the Court that there is some relevance other than unfair guilt by association, they should be barred from asking witnesses whether this was or was not a high crime, drug, or gang area. *See United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996) (observing the considerable danger of unfair prejudice from evidence that suggests guilt by association); *United States v. Doe*, 149 F.3d 634, 638 (7th Cir. 1998) ("[J]uries should not conclude that a particular defendant is guilty simply because the defendant shares some characteristics with a particular group.").

It is certainly true that officers are allowed to draw on their experiences and specialized training in making inferences and deductions based on the totality of the circumstances. *See United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744 (2002). However, the totality of the circumstances must be guided by objective information, and not simply on subjective beliefs. Defendants' attempts to color the entire neighborhood as a "high crime area" steeped in drugs, gangs, and guns is an impermissible and unjustified attempt to pander to the fear of jurors in order to justify their unlawful conduct. Therefore, any evidence or testimony regarding Plaintiffs' neighborhood being a "high crime area" constitutes evidence that is vastly more prejudicial than probative of any legitimate issue in this trial and is inadmissible under Federal Rule of Evidence 403.

**Motion *in Limine* 5: To Bar Defendants from Introducing Witnesses' Criminal Histories**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence relating to the criminal history of Plaintiff's witnesses, including prior bad acts, arrests and convictions. Furthermore, the Defendants have not stated what, if any, prior convictions Plaintiff's witnesses have. Any such evidence should be barred because it was not disclosed in discovery. See Fed. R. Civ. Pro. 37(c). Plaintiff propounded an interrogatory in each Defendants asking them to "Identify and describe any convictions that you may seek to introduce as impeachment of a witness or for any other purpose at trial".

Defendants have not provided any such evidence and, therefore, should be barred from now using any arrests or convictions at trial. See, e.g., *Moore v. City of Chicago*, No. 02-5130, 2008 WL 4549137, at *2 (N.D. Ill. April 15, 2009) ("To the extent that defendant officer seek to use at trial the criminal conviction of any of plaintiff's witnesses, their failure to disclose those convictions in response to plaintiff's request results in a bar of the evidence.): *Regalado v. City*

*of Chicago*, No. 96-3634, 1998 WL 919712, *8 (N.D. Ill. Dec. 30, 1998)(barring criminal histories of witnesses that were requested in discovery but not disclosed: "[t]hat however is not the way in which the system works-or is supposed to work. Counsel for a litigant are entitled to full disclosure in response to their legitimate discovery ... There must be a price paid for flouting the discovery rules in that fashion, and the most appropriate and commonly paid price is the exclusion of evidence in the area of noncompliance.")

Such evidence should be barred because it was never disclosed, as irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b).

**Motion *in Limine* 6: To Bar Evidence or Testimony Regarding Physical Evidence attributed to other individuals arrested contemporaneously with the Plaintiff.**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence attributed to other individuals arrested contemporaneously with the plaintiff. The issue in this case is whether the Defendant Officers unlawfully entered and ultimately falsely arrested Plaintiff in violation of the Fourth Amendment. It is entirely irrelevant to the present case what evidence was possessed by individuals not party to this lawsuit under FRE 402. The introduction of such evidence may inject confusion that and would be unfairly prejudicial under FRE 403.

**Motion *in Limine* 7: To Bar Evidence or Testimony Regarding Physical Evidence that both sides concede was unknown to the defendant officers at the time of their entry of private residence.**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence unknown to the officers at the time of their entry, unknown to the officers at the time of arrest, which served no justification for the officers' entry into the residence. The issue in this case is whether the Defendant Officers unlawfully entered and ultimately falsely arrested Plaintiff in violation of the

Fourth Amendment. The following exhibits are comprised of evidence that the Defendants were had no knowledge of or the Defendant's investigation revealed were possessed by individuals not party to this lawsuit.

These exhibits:

Defs' Ex. 4: 11431979 (FCRL24-25) – 13 ziplock bags containing green leafy material

Attributed to Jermaine Sipp

Defs' Ex. 5: 11431971 (FCRL26-27) – 39 ziplock bags containing green leafy material

Recovered following evidentiary search following the arrest of M. Payne

Defs' Ex. 6: 11432018 (FCRL28-29) – 7 red colored tablets inside small ziplock bag;

4 ziplock bags containing white powdery substance

Attributed to Jimmy Clay

Defs' Ex. 7: 11432006 (FCRL36-37) – 1 magazine of bullets, .45 caliber

Attributed to Jimmy Clay

Defs' Ex. 9: 11431999 (FCRL40-41) – 1 firearm, Haskell, semi-automatic, .45 caliber;

1 magazine of bullets; and

7 live rounds, .45 caliber

Attributed to Jermaine Sipp

Defs' Ex. 10: 11431968 (FCRL42-43) – 1 firearm, Sig Sauer, semi-automatic, .45 caliber

1 magazine of bullets; and

9 live rounds, .45 caliber

Attributed to Jimmy Clay

Defs' Ex. 12: Inventory report, #11431936 (FCRL46-47) Marshall Payne US Currency

Recovered following evidentiary search

Defs' Ex. 13: Inventory report, # 11431967 (FCRL50-51) Jermaine Sipp U.S. Currency

                          Attributed to Jermaine Sipp

Defs' Ex. 14: Inventory report, # 11432113 (FCRL30-31) Jermaine Sipp wallet

                          Attributed to Jermaine Sipp

Defs' Ex. 15: Inventory report, # 11432058 (FCRL32-33) Marshall Payne cell phone

                          Recovered following evidentiary search

Defs' Ex. 16: Contact card, 9/12/08 - Allura Hayes (FCRL108-109)

                          Recovered following evidentiary search

Defs' Ex. 17: Contact card, 9/12/08 – Philicia Hayes (FCRL110-111)

                          Recovered following evidentiary search

Defs' Ex. 18: Contact card, 9/12/08 – Alicia Hayes (FCRL112-113)

                          Recovered following evidentiary search

Defs' Ex. 19: Contact card, 9/12/08 – Sable Smith (FCRL114-115)

                          Recovered following evidentiary search

were unknown to the officers *at the time of arrest* . Therefore, pursuant to the jury instruction regarding probable cause these items *may not serve* as the basis for arrest. 7.06 of the 7th Circuit Jury Instructions for Civil Cases states in relevant part…., "There is probable cause for an arrest if *at the moment the arrest was made*, a prudent person would have believed that Plantiff [had committed/was committing] a crime." The evidence which was initially only discovered by the police subsequent to the arrest can never serve as the basis for the underlying arrest. This is black letter law that has been consistently enforced since the U.S. Supreme Court case in *Sibron v. New York.*, 392 U.S. 40, 63 (1968). See also *Mickiel v. Beluso*, 2011 U.S. Dist. LEXIS 61949 (N.D. Ill. June 9, 2011) (citing *Sibron*); see also *Lessley v. City of Madison*, 654 F. Supp. 2d 877,

896 (S.D. Ind. 2009) (citing *Sibron* and stating both "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification." And "The search of Lessley does not fit within the search incident to arrest exception because the fruits of the search were the basis for the arrest.").

The Defense exhibits listed above were entirely unknown to the officers at the time of arrest. Therefore, these exhibits may not serve as the basis or justification for the arrest. Because an arrest must be based on what is known to the officer *at the time of arrest* the introduction of such evidence would be unfairly prejudicial under FRE 403 and would likely give rise to jury confusion. Therefore, counsel for the Plaintiff asks this court to bar this evidence.

**Motion *in Limine* 8: To Bar Evidence or Testimony Regarding Physical Evidence seized in violation of the 4th Amendment following the unlawful entry and unlawful arrest of the Plaintiff.**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence seized in violation of the 4th Amendment. The issue in this case is whether the Defendant Officers unlawfully entered and ultimately falsely arrested Plaintiff in violation of the Fourth Amendment. The controlling case law holds that evidence that is subject to suppression in a criminal proceeding may not be used in a subsequent civil proceeding arising from the same course of events. The United States Supreme Court has considered the issue previously. The first case to do so was One 1958 Plymouth Sedan v. Pennsylvania.

In that case, the Court was reviewing the determination of the Pennsylvania Supreme Court's decision was that the exclusionary rule, created by *Mapp v. Ohio*, applies only to criminal prosecutions and is not applicable in a civil forfeiture proceeding . *One 1958 Plymouth*

*Sedan v. Pa.*, 380 U.S. 693, 695 (1965)   However, the court went on to hold that the exclusionary rule as announced in *Mapp v. Ohio*, "is an essential part of both the Fourth and Fourteenth Amendments," *Mapp v. Ohio*, 367 U.S. 643, 657.  The Court went on to hold that the exclusionary rule was not limited to merely the underlying criminal case and was applicable in the civil forfeiture proceeding.  *One 1958 Plymouth Sedan* at 696.  The next U.S. Supreme Court case to take up the issue was *United States v. Janis*.

In Janis, the court examined whether a man whom was arrested and searched pursuant to warrant was entitled to a refund on the excise tax that he had to pay on his gambling earnings.  In a very evenly split 5-4 opinion, the court held, "The prime purpose, if not the sole one, of the rule which excludes from admission in a trial evidence obtained in violation of the prohibitions of the Fourth Amendment against unreasonable searches and seizures is to deter future unlawful police conduct; the rule is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved."  *United States v. Janis*, 428 U.S. 433, 446 (1976).  During the oral argument for Janis, counsel for the United States conceded that the 4th Amendment is not limited solely to criminal cases.  Also, the relief sought in *Janis* was relief from an excise tax the man lawfully owed.  The application of the exclusionary rule in our case may mean greater clarity to the jury in the righteousness of my clients case.  Furthermore, an Illinois state case supports this proposition.

Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons. Application of the exclusionary rule has been restricted to those areas where the remedial objectives of deterring unlawful police conduct are most efficaciously served. With this language

in mind, the Supreme Court has developed a balancing test to measure the appropriate use of the exclusionary rule. A reviewing court must balance the benefits of applying the exclusionary rule against the cost on the societal interest of law enforcement. *McCullough v. Knight*, 293 Ill. App. 3d 591, 596 (Ill. App. Ct. 1st Dist. 1997). In the present case, the defendants violated the Constitutional protection regarding the sanctity of the home. If there is no civil remedy for the violation of the sanctity of the home , then the plaintiff is left without a remedy. Therefore, counsel for the Plaintiff asks this court to bar this evidence.

**Motion *in Limine* 9: Exclude Use of Plaintiff's Marshall Payne's Mugshot photo**

The plaintiffs respectfully request an order excluding use of Plaintiff Marshall Payne's "mug shot" at the time of trial. As part of their pre-trial disclosure, the Defendant's listed Mr. Payne's "mug shot" as Defendants exhibit #1.

This is objectionable on two grounds. First, there is no need for the "mug shot" as a tool to aid in the refreshing of a witness recollection. This is because all of the witnesses will be able to directly confront Mr. Payne during the trial of this case. These witnesses will either be able to remember him or not. Therefore, the "mug shot" adds nothing to the orderly process of the trial.

Secondly, the defendant's may also attempt to use Mr. Payne's "mug shot" to portray Mr. Payne in a negative light or to call undue attention to the fact that Mr. Payne was arrested on September 12, 2008. This purpose is irrelevant and prejudicial. U.S. v. Fosher, 568 F. 2d 207, 213-217 (1st Cir. 1978) [Trial judge should not have admitted mug shots in a manner that clearly let the jury know that they were mug shots. Photographs should have been altered and then presented to the jury in a manner that avoided their prejudicial effect.]
.

**Conclusion**

Wherefore, the Plaintiff asks this court to give these issues due consideration and enter an order excluding the relevant exhibits and evidence from the ultimate consideration of the jury.

Respectfully Submitted,

Michael C. Cannon

Cannon & Mottweiler
Associate to Douglas C. Cannon
1627 Colonial Parkway
Inverness, Illinois 60067
(847) 917-1803
Fax: (847) 307-7987
E-Mail: mcannon76@aol.com
Attorney No. 45535/6296028