3Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5633 | **DATE** | 2/28/2012 |
| **CASE TITLE** | Marshall Payne vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

Final Pretrial Conference convened. Plaintiff's motions *in limine* [54] granted in part and denied in part. Defendants' motions *in limine* [46] granted in part and denied in part. Parties have leave within seven days to file briefs addressing the collateral estoppel effect, if any, of the ruling suppressing evidence in Plaintiff's criminal prosecution. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

01:30

## STATEMENT

**Plaintiff's motions *in limine* [54] granted in part and denied in part.**

Motion *in limine* #1: Motion to bar evidence of tattoos is granted. Motion to bar evidence of gang affiliation is granted without prejudice to reconsideration, if trial proceedings satisfy the court that Payne's gang affiliation is more probative than prejudicial.

Motion *in limine* #2: Motion to bar evidence of prior arrests granted.

Motion *in limine* #3: Motion to bar evidence of previous convictions is denied, but the court will give an appropriate limiting instruction.

Motion in *limine* #4: Motion to bar reference to the neighborhood as a "high crime" area granted, but defendants are free to introduce evidence of their observations and the information available to them at the time of the search and arrest at issue.

Motion *in limine* #5: Motion to bar evidence of criminal histories of witnesses is granted without prejudice.

Motion *in limine* #6, 7, and 8 are denied. Plaintiff is correct that evidence of which the Defendant officers were unaware does not support probable cause for the entry and search of Plaintiff's residence. He has not satisfied the court that evidence seized without a warrant is *per se* inadmissible in a civil case alleging an improper search or unlawful arrest. Without ruling specifically on that issue, the court notes Defendants' contention that, at his deposition, Plaintiff testified that guns and other evidence that Defendants claim they seized from the apartment "never came out of" that apartment; that is, Plaintiff has suggested that Defendants planted evidence on the residents of the apartment. Defendants are entitled to rebut that suggestion by presenting the material they seized in the search

Motion *in limine* #9: Motion to bar mug shot is granted.

# STATEMENT

**Defendants' motions *in limine* [46] granted in part and denied in part.**

Motion *in limine* #1: Motion to bar generalized evidence of a "code of silence" is granted.

Motion *in limine* #2: Motion to bar other publicized incidents of police misconduct is granted.

Motion *in limine* #3: Motion to bar Plaintiff from arguing that a conspiracy existed is denied; a plaintiff need not assert conspiracy as an independent count in order for conspiracy evidence to be relevant and admissible.

Motion *in limine* #4: Motion to bar non-party witnesses from the courtroom during testimony is granted.

Motion *in limine* #5: Motion to bar testimony or argument concerning Police General Orders is granted.

Motion *in limine* #6: Motion to bar argument that the jury should "punish" the City with its verdict is granted, though Plaintiff is free to argue that the jury should communicate its disapproval of unlawful activity by way of a verdict in his favor.

Motion *in limine* #7: Motion to bar evidence of wrongdoing by other officers is denied, but the court assumes that Allura Hayes's testimony about a statement made by an unidentified female police officer is inadmissible hearsay, and that evidence of an unidentified officer's conduct with respect to Plaintiff's hair and a weapon is inadmissible absent a showing that Defendant officers observed it.

Motion *in limine* #8: Motion to bar evidence regarding police training and policies is granted.

Motion *in limine* #9: Motion to bar evidence of other civilian complaints or lawsuits is granted.

Motion *in limine* #10: Motion to bar evidence of indemnification is granted in part and denied in part; regarding any compensatory damages award, Plaintiff will make no reference to the City's " deep pocket," and Defendants will make no reference to their limited financial resources.;

Motion *in limine* #11: Motion to bar testimony regarding alleged entry to the first floor is denied without prejudice. Plaintiff will withdraw its proposed photo exhibits without prejudice to review and re-submission of those photos. The court cautions that Plaintiff will be required to call a foundation witness who can testify that any damage that appears in the photos was caused by Defendant officers' conduct, and to show how that damage is relevant to his claims in this lawsuit.

Motion *in limine* #12: Motion to bar testimony regarding the officers' alleged treatment of four female residents is denied, but the court expects any such testimony will be brief.